**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

CRAIG S. JENKINS,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 2:25-cv-224

**OPINION & ORDER**

The trustee of the original plaintiff's bankruptcy estate moves to substitute himself as the plaintiff in this third-party personal injury action because the trustee is the real party in interest. ECF Nos. 83 (motion), 84 (memorandum). Since the trustee meets the requirements articulated in Federal Rules of Civil Procedure 17 and 25—and those rules do not require the state-of-mind inquiry the defendants argue for—the motion will be **GRANTED**.

**I.     BACKGROUND**

On December 4, 2023, Plaintiff Craig S. Jenkins sustained knee and hip injuries while working as a BAE Norfolk Shipyard employee. ECF No. 1 ¶¶ 15–16, 23. He filed a workers' compensation claim on December 12, 2023, and began receiving income and medical benefits shortly after filing. *In re Jenkins*, No. 2:24-bk-70360 (Bankr. E.D. Va. 2025), ECF No. 26 at ¶ 14. However, the plaintiff could not return to work and held multiple debts, so he and his wife filed a voluntary Chapter 7 bankruptcy petition on February 22, 2024. ECF No. 84 at 5. In his petition, the

1

plaintiff disclosed his workers' compensation claim, but he did not disclose the third-party personal injury claims that are the subject of this action. *Id.* at 5–6.

The plaintiff asserts that at the time he filed for bankruptcy, he was unaware of any possible legal remedies for his injuries beyond his workers' compensation claim. *In re Jenkins*, ECF No. 26 at ¶ 20; ECF No. 84 at 6.

In March 2024, the plaintiff's workers' compensation attorney advised him to speak to another attorney regarding potential third-party personal injury claims under §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act (LHWCA). *In re Jenkins*, ECF No. 26 at ¶ 22; ECF No. 84 at 6. The plaintiff did so and ultimately hired the attorney to investigate whether the plaintiff's claims were viable. *In re Jenkins*, ECF No. 26 at ¶ 22.

Between March and June 2026, the plaintiff amended his bankruptcy petition three times but did not disclose his potential third-party claims. *In re Jenkins*, ECF No. 26 at ¶¶ 23–24. The plaintiff asserts that he mistakenly believed the third-party claims were encompassed by the disclosure of his workers' compensation claim, because both fell under the LHWCA. *Id.* at ¶¶ 25, 27.

Thomas B. Dickenson was appointed as Trustee of the Jenkins bankruptcy estate. ECF No. 84 at 5. Trustee Dickenson did not initially inquire further into the claims arising out of the plaintiff's injury, because while Trustee Dickinson assumed the plaintiff would have such claims, "it was irrelevant to the Bankruptcy Court case[,] as any recovery would be exempt." ECF No. 91-1 at ¶ 5.

2

The Jenkins's debts were discharged on June 3, 2024. *In re Jenkins*, ECF No. 22 at 1. Formal notice of the discharge was not mailed until June 6, 2026. *Id.* at 5.

The plaintiff's bankruptcy case was formally closed on June 10, 2024. ECF No. 84 at 6. He filed this lawsuit approximately ten months later, in April 2025. *Id.*

The government and Defendant AMP United, LLC filed a motion for summary judgement on October 1, 2025, ECF No. 43, arguing the plaintiff is estopped from recovering on his third-party claim because he did not disclose the claim in his bankruptcy petition. ECF No. 44 at 9. Following that motion, the plaintiff moved to reopen the bankruptcy case. ECF No. 84 at 7. The Bankruptcy Court granted the motion on December 4, 2025, and the plaintiff amended his disclosures to include the third-party claims in this action as a potential asset distinct from his workers' compensation claim. *In re Jenkins*, ECF No. 32 at 1; ECF No. 84 at 7.

Trustee Dickenson was reappointed as trustee for the Jenkins's bankruptcy estate on December 16, 2025. ECF No. 84 at 7. Over a month later, the plaintiff filed a notice asserting that Trustee Dickenson intended to seek authorization to pursue the case on behalf of the bankruptcy estate as the real party in interest. ECF No. 88 at 3.

Following that notice, the Court stayed this case because neither the plaintiff nor Trustee Dickenson had authority to continue engaging in the litigation. ECF No. 81; *see* ECF No. 79 (motion to stay). On April 28, 2026, the Bankruptcy Court granted Trustee Dickenson the authority to hire counsel and pursue the plaintiff's third-party claims. ECF No. 84 at 7–8. Thereafter, Trustee Dickenson moved to substitute

himself as the real party in interest in this action and requested that the stay be lifted. ECF No. 84 at 11.

## II.     LEGAL STANDARD

### A.     Motions to Substitute a Party

"If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed R. Civ. P. 25(c); *see also* R. 17(a)(1) (requiring that "[a]n action [] be prosecuted in the name of the real party in interest").[1] Where a nonparty entity gains a "pertinent interest" after a suit is filed, substituting that entity into the suit "is appropriate under Rule 25(c)." *Comsat Corp. v. Melbourne Intern. Commc'ns. Ltd*, No. 8:02-cv-2680, 2004 WL 1124946, at *1 (D. Md. May 13, 2004).

"Whether a plaintiff is entitled to enforce the asserted right is determined according to the substantive law." *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973). "[I]n the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who is the real party in interest with respect to property of the estate, with the right to bring any legal claims that belong to the estate." *Martineau v. Wier*, 934 F.3d 385, 391 (4th Cir. 2019).

---

[1] A motion to substitute "must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4," and must include a notice of hearing. R. 25(a)(3). There is no dispute that the plaintiff satisfied these requirements.

4

## B.      Motions to Lift a Stay

District courts have "broad discretion to stay proceedings" pursuant to their inherent power to control their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A court must find good cause to lift a stay. *Sierra Club v. Nat'l Marine Fisheries Serv.*, 711 F. Supp. 3d 522, 532 (D. Md. 2024). Determining whether good cause exists to lift a stay is also a matter of a court's "broad discretion to manage its docket." *Id.* at 533 (quotation marks omitted) (quoting *Clinton*, 520 U.S. at 706). A party opposing a motion to lift a stay must assert "clear and convincing considerations that establish the necessity for [the] stay." *Id.* (internal quotations omitted).

## III.   ANALYSIS

### A.      Substitution

In the context of Chapter 7 bankruptcy, the bankruptcy estate is comprised of all the debtor's assets and liabilities, including "all legal or equitable interests of the debtor . . . as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes causes of actions that arose out of events which occurred prior to the bankruptcy filing. *Martineau*, 934 F.3d at 388. Since the plaintiff amended his bankruptcy schedule to include the personal injury claim in this case, the claim is the property of the plaintiff's bankruptcy estate.

Therefore, "the trustee alone has standing to bring th[e] claim." *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc.,* 187 F.3d 439, 441 (4th Cir. 1999). Thus, Trustee Dickenson is the real party in interest in the action here. *See* R. 17(a)(1). Because he gained an interest in this action after the suit was filed, substituting Trustee

Dickenson in place of the plaintiff "is appropriate under Rule 25(c)." *Comsat Corp.*, 2004 WL 112946, at \*1; *see Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997) (permitting substitution of a bankruptcy trustee to prosecute a tort claim on appeal).

Neither defendant contends that this outcome is incorrect under Rule 25. *See generally* ECF Nos. 87, 88; s*ee also* ECF No. 80 at 3 (defendants conceding that Trustee Dickenson has standing to pursue the subject claims as the real party in interest). Instead, they both appear to argue that the Court should refuse to substitute Trustee Dickenson as the plaintiff because the plaintiff should be estopped from recovering on his third-party claims. *See* ECF No. 87 at 4–5 (suggesting that the Court should apply the reasoning in *Crawford v. Newport News Indus. Corp.*, 4:14-cv-130, 2018 WL 1588024 (E.D. Va. Apr. 2, 2018)—a case decided at summary judgment on judicial estoppel grounds, which never addressed substitution); ECF No. 88 at 11 (same). That reasoning conflates the issues: the real party in interest should pursue this claim, even if the estate were ultimately estopped from recovering.

Relatedly, the defendants urge the Court to deny substitution here based on the plaintiff's alleged state of mind. ECF No. 88 at 7–8 (arguing that denying the motion would serve the interest of judicial efficiency, because the claims in this case should ultimately be estopped). It may be true that the purpose of Rule 17 is to prevent forfeiture of claims when "determination of the correct party to sue is difficult or when an understandable mistake has been made." *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 170 (4th Cir. 2001). But that principle (which

the Fourth Circuit describes only in dicta) does not create a threshold state-of-mind showing for motions to substitute a real party in interest. *Contra* ECF No. 88 at 8 (relying on an out-of-circuit district court case for the proposition that "a plaintiff seeking to substitute a bankruptcy trustee must first establish that suing in his own name resulted from 'an honest and understandable mistake'") (quoting *Feist v. Consol. Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999)).[2] The Fourth Circuit has not articulated such a requirement, and this Court concludes none exists.[3] On the contrary, "[a]n action *must* be prosecuted in the name of the real party in interest." R. 17(a)(1) (emphasis added).

---

[2] The idea here springs from an Advisory Committee note to Rule 17, which explains that the Rule should not be construed to permit an attorney to file a lawsuit in the name of a fictitious person, hoping to later substitute an estate that is eligible to pursue the claim and thereby circumvent a statute of limitations. *See* R. 17 advisory committee's note (1966). That is nowhere close to the circumstances in this case.

[3] Even if the government is correct that Rule 17 implicitly requires a threshold showing of good faith by the original plaintiff, that does not change the outcome here, because the Court finds that the plaintiff made an "understandable mistake." *Intown*, 271 F.3d at 170. The Court credits the plaintiff's assertion that he initially did not know he had third-party claims because he believed such claims were covered by his workers' compensation action and the assertion that the plaintiff became aware of his potential third-party claims in March 2024. *In re Jenkins*, ECF No. 26 ¶¶ 21–29 (testimony to the Bankruptcy Court). It is reasonable for a lay person to believe an injury gives rise to a single legal remedy. And it is not unreasonable for a lawyer in a specialized area of practice to fail to identify issues outside that practice area immediately—but regardless, it is not the plaintiff's fault that his workers' compensation attorney did not inform him earlier about the existence of third-party claims.

Most of all, the plaintiff's effort to reopen his bankruptcy case and declare the third-party claims strongly supports the conclusion that he made an understandable mistake. *See Martineau*, 934 F.3d at 396 (district court may "consider a bankruptcy court's decision to allow the debtor to amend his disclosures or reopen his bankruptcy case without imposing any sanction" "when determining whether a debtor intended to manipulate the judicial system") (citation and quotation marks omitted).

7

Whether that party can ultimately recover may depend on the original plaintiff's state of mind; but that is a different question than the one at hand.[4] Because Trustee Dickenson meets the requirements of Rules 17 and 25, the request to substitute the plaintiff will be granted.

**B.      Stay**

Good cause exists to lift the stay, because its purpose has been satisfied. In their joint motion to stay proceedings, the defendants argued that "the interests of justice and judicial economy are best served by staying this case until either the plaintiff, or the [b]ankruptcy [t]rustee, as the real party in interest, are in a position to participate." ECF No. 80 at 3. Because the Bankruptcy Court re-opened the plaintiff's bankruptcy case, re-appointed Trustee Dickenson, and approved his application to hire counsel, Trustee Dickenson is now able to pursue Mr. Jenkins's claims and participate in the subject litigation. ECF No. 84 at 7–8.

Since Trustee Dickenson is now able to participate, the purpose of the stay is satisfied, and the stay is no longer necessary. Therefore, the Court finds good cause to lift the stay. *See United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173

---

[4] AMP asks the Court to decide the judicial estoppel issue on the motion to substitute. ECF No. 87 at 6–9. But judicial estoppel is more appropriately addressed at summary judgment. *See, e.g., Crawford*, 2018 WL 1588024. Indeed, that was the subject of the defendants' joint motion to dismiss or for summary judgment, ECF No. 73, which the Court dismissed without prejudice pursuant to the parties' request for a stay. *See* ECF Nos. 74 (memorandum in support of summary judgment), 81 (dismissal without prejudice). AMP offers to resubmit its briefing on that motion. ECF No. 87 at 6. However, in light of the conclusion articulated in footnote 3, the Court will direct the parties to meet and confer and notify the Court of their positions on whether any issue remains to be decided on the defendants' motion to dismiss or for summary judgment.

F. Supp. 3d 320, 325 (E.D. Va. 2016) (satisfying the purpose of a stay constitutes good cause to lift it).[5]

## IV.  CONCLUSION

The motion to substitute party and lift the stay (ECF No. 83) is **GRANTED**.

Thomas B. Dickenson, trustee of the bankruptcy estate of Craig S. Jenkins, is substituted as the plaintiff in this case.

The Clerk is **DIRECTED** to update the docket to reflect this change.

Trustee Dickenson is **DIRECTED** to file an amended complaint, reflecting only the party substitution, on or before August 21, 2026.

The stay of this matter (ECF No. 81) is **LIFTED**.

The parties are **DIRECTED** to meet and confer and inform the Court on or before August 24, 2026, whether—in light of footnote 4 to this Opinion and Order—any issue remains to be decided on the defendants' motion to dismiss or for summary judgment (ECF No. 73). The parties shall inform the Court of their views through a single joint submission if they agree or with individual filings if they disagree. These filings shall not exceed three (3) pages.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 11, 2026

---

[5] Neither defendant specifically opposes lifting the stay. *See generally* ECF No. 87, ECF No. 88.

9